**United States District Court**
For the Northern District of California

1

2

3

4                                                          **E-FILED on** ___7/2/08___

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12   MOBASSA BOYD,                         No. C-00-21287 RMW

13              Petitioner,

14        v.                              ORDER DIRECTING RESPONSE TO
                                          PETITIONER'S RENEWED *BATSON* CLAIM
15   ANTHONY NEWLAND,

16              Respondent.                **[Re Docket No. 51]**

17

18

19        Petitioner originally field a petition for writ of habeas corpus in this court in December 2000.

20   In August 2003, the court denied the petition, which included a claim of racial discrimination in jury

21   selection in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986).  One of the issues was the State's

22   failure to provide to petitioner a complete voir dire transcript.  Instead, the State provided a partial

23   transcript that addressed only the peremptory strike of the juror that petitioner claims was

24   discriminatorily challenged based upon race.

25        Petitioner appealed this court's denial to the Ninth Circuit, which issued three panel opinions

26   in total.  The first panel opinion, *Boyd v. Newland*, 393 F.3d 1008 (9th Cir. 2004), upheld this court's

27   ruling, determining in relevant part that the California appellate court's decision to deny petitioner's

28   requests for a transcript of entire voir dire free of charge so that he could prepare his *Batson* claim

     was not an unreasonable application of clearly established federal law.  *Id.* at 1016.

ORDER DIRECTING RESPONSE TO PETITIONER'S RENEWED BATSON CLAIM—No. C-00-21287 RMW
MAG

**United States District Court**
For the Northern District of California

1    In June 2006, the Ninth Circuit issued an amending and superceding opinion on denial of

2  petitioner's request for rehearing.  *Boyd v. Newland*, 455 F.3d 897 (9th Cir. 2006).  The June 2006

3  opinion concluded – based in part on Supreme Court cases clarifying *Batson* that issued after the

4  Ninth Circuit's original opinion – that the analysis in the original Ninth Circuit opinion was flawed

5  with respect to the California court's conclusion regarding the provision of a complete voir dire

6  transcript.  The Ninth Circuit held that the California courts had violated clearly established law by

7  denying petitioner's habeas petition "because, without the entire voir dire transcript, those courts

8  could not evaluate the relevant circumstances surrounding the contested strike, as *Batson* requires."

9  *Id.* at 900.  The court stated that "when a defendant raises a plausible *Batson* claim, a court must

10  analyze the context in which the contested peremptory strike rose" and held that petitioner here had

11  raised at least a plausible *Batson* claim for which a contextual analysis was appropriate.  *Id.* at 904.

12  The court reversed and remanded this court's decision in part, with instructions to grant the petition

13  for habeas corpus with respect to the *Batson* claim.  *Id.* at 1010.  In October 2006, the Ninth Circuit

14  denied a further petition for rehearing, but again amended its opinion, in relevant part changing the

15  instruction to this court on remand.  *Boyd v. Newland*, 467 F.3d 1139, 1141, 1152 (9th Cir. 2006).

16  The amended opinion instructed this court to enter a conditional writ of habeas corpus ordering

17  petitioner's release unless the State provides without charge a complete voir dire transcript and

18  permitted petitioner to renew his *Batson* claim in this court.  *Id.*; *see also id.* at 1142, 1146-47.  The

19  substance of the Ninth Circuit's June 2006 opinion was not significantly changed by the October

20  2006 amendments.

21    The Ninth Circuit's mandate was stayed pending the State's petition for writ of certiorari

22  before the Supreme Court.  After the Ninth Circuit issued its mandate following the Supreme Court's

23  denial of review, the State provided a complete copy of the voir dire transcript.  Petitioner's counsel

24  obtained on May 27, 2008 yet further documents regarding the voir dire, specifically, state trial

25  counsel's written notes on the voir dire.  *See* Decl. Mark Eibert in Supp. Renewed *Batson* Claim ¶ 3,

26  Ex. 2.  On May 30, 2008, after receiving these additional documents, petitioner filed his renewed

27  *Batson* claim.

28

1      As set forth in the Ninth Circuit's amended petition, this court is required to consider

2  petitioner's renewed *Batson* claim on the full voir dire record, which has now been submitted by

3  petitioner.  Docket Nos. 52, 53.  Respondent is directed to file an opposition to petitioner's renewed

4  *Batson* claim within 45 days of receipt of this order.  Petitioner may file a reply within 20 days of

5  the filing of the opposition.

6

7

8  DATED:      7/1/08                           *Ronald M Whyte*

9                                                RONALD M. WHYTE
                                                 United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

ORDER DIRECTING RESPONSE TO PETITIONER'S RENEWED BATSON CLAIM—No. C-00-21287 RMW
MAG                                              3

**Notice of this document has been electronically sent to:**

**Counsel for Petitioner:**

Mark Eibert                    markeibert@comcast.net

**Counsel for Respondent:**

Amy Haddix                     amy.haddix@doj.ca.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    7/2/08                            /s/ MAG
                                        **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California